UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM KAUL | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | C.A. No. _____ |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND MILES MCCREADY | § | |
|     Defendants. | § | |

**DEFENDANTS COMPANION PROPERTY AND CASUALTY INSURANCE
COMPANY AND MILES MCCREADY'S ORIGINAL ANSWER**

TO THE HONORABLE COURT:

COME NOW, Defendants Companion Property and Casualty Insurance Company ("Companion") and Miles McCready (collectively "Defendants") and in answer to Plaintiff's Original Petition show the Court as follows:

**I.**

Defendants have no basis to either admit or deny the allegations in this paragraph.

**II.**

Defendants agree Plaintiff William Kaul is a resident of Fort Bend County, Texas.

Defendant Companion is an insurance company organized and existing under the laws of the State of South Carolina.  Its principal place of business is 221 Dawson Road, Floor 2, Columbia, South Carolina 29223.

Defendant Miles McCready is a Florida resident, residing at 10600 Bloomfield Drive, Apt. 1031, Orland, FL 32825.

**III.**

Defendants deny the allegations in this paragraph.   Further, this paragraph is not specific as to which "Defendant" is referenced.

**IV.**

Defendants agree with the allegations in this paragraph.

**V.**

Defendants deny the allegations in this paragraph.

**VI.**

A.    Admitted.

B.    Admitted.

C.    Admitted.

D.    Denied.

E.    Defendants admit Plaintiff submitted a claim to Companion.   The remainder of this paragraph is denied.

F.    Admitted.

G.    Denied.

H.    Denied.

I.    Denied.

J.    Denied.

K.    Denied.

L.    Denied.

M.    Denied.

N.    Denied.

O.      Denied.

P.      Denied.

Q.      Denied.

R.      Denied.

S.      Denied.

T.      Denied.

U.      Denied.

## VII.

A.      Defendants agree there is a duty to investigate and pay Plaintiff for claims made for covered damages.  The remainder of this paragraph is denied.

B.      Denied.

C.      Denied.

D.      Denied.

E.      Denied.

## VIII.

Denied.

## IX.

Denied.

## X.

Denied.

## XI.

Denied.

### XII.

Denied.

### XIII.

Defendants have no reason to either admit or deny the allegations in this paragraph.

### XIV.

Defendants have no reason to either admit or deny the allegations in this paragraph.

### XV.

Denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.  Defendants plead failure of Plaintiff to comply with all conditions precedent.

2.  Defendants plead failure of Plaintiff to provide notice and proof of loss or claim for damages as alleged.

3.  Defendants specifically deny any breach of contract, any violation of the Texas Insurance Code and/or Texas Deceptive Trade Practices Act, and any breach of the duty of good faith and fair dealing.

4.  Defendants plead all off-sets and credits allowed under the Statutory and Common Laws of the State of Texas.

5.  Defendants plead Plaintiff's injuries and damages, if any, were proximately caused, in whole or in part, by the comparative responsibility of Plaintiff.

6.     Pleading in the alternative, Plaintiff's alleged injuries and damages, if any, were caused by Plaintiff's own fraud and/or misrepresentation.

7.     The jury should be permitted to evaluate whether Plaintiff reasonably attempted to mitigate, limit and treat such damages.  For these reasons, failure to mitigate damages is hereby alleged.

8.     In the alternative, Defendants would show that the incident in question was an act of God and/or nature as such terms are understood by Texas law.

9.     Defendants never received any timely notice of Plaintiff's Deceptive Trade Practices Act claims.  Therefore, this case should be abated as provided by law.

10.     Defendants reserve all rights under the insurance policy at issue, including, but not limited to, appraisal.

11.     For further answer, if such be necessary, and pleading in the alternative by and through their attorney of record, Defendants would show unto the Court and jury that Plaintiff's claims and any recovery herein are limited by §304.001 et. seq. of the Texas Finance Code, and by Chapter 41 of the Texas Civil Practice and Remedies Code.

12.     For further answer, if such be necessary, and pleading in the alternative by and through their attorney of record, Defendants would show unto the Court and jury that Plaintiff's claims for exemplary damages would violate §10 of Article One and the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.  Defendants would also

show unto the Court that a recovery award or judgment of exemplary damages in this case would violate §3, 13 and 19 of Article I of the Constitution of the State of Texas.  A recovery award or judgment of exemplary damages in this case would have the effect of imposing excessive fines, would deprive Defendants of property without due process of law, would deny Defendants equal protection of the law and would impair the obligations of contracts.

13.    For further answer, if such be necessary, and pleading in the alternative by and through their attorney of record, to the extent Plaintiff seeks recovery of exemplary damages, Defendants would show as follows:

(a)    The legal standard used to determine whether or not exemplary damages may be awarded in any particular case is so vague and indefinite as to constitute a denial or equal protection in violation of both the Constitution of the United States and the Constitution of the State of Texas;

(b)    The legal standard used to determine whether or not exemplary damages may be awarded is so vague and indefinite as to constitute a denial of due process in violation of both the Constitution of the United States and the Constitution of the State of Texas;

(c)    The method by which the amount of exemplary damages, if any, may be determined is so arbitrary and indefinite as to amount to a denial of equal protection and due process in violation of both the Constitution of the United States and the Constitution of the State of Texas; and

(d)    The method by which the amount of exemplary damages, if any, is determined subjects Defendants to excessive fines in violation of both the Constitution of the United States and the Constitution of the State of Texas.

14.    For further answer, if such be necessary, and pleading in the alternative by and through their attorney of record, Defendants would assert

that Plaintiff is required to comply with the provisions of Chapter 38 of the Texas Civil Practices and Remedies Code.

15.    For further answer, if such be necessary, and pleading in the alternative by and through their attorney of record, Defendants plead as a maximum limit on damages the limits of its policy.

16.    For further answer, if such be necessary, and pleading in the alternative by and through their attorney of record, Defendants would assert that Defendants are not liable to Plaintiff because Plaintiff failed to comply with the provisions of the insurance policy at issue.

17.    Defendants specifically reserve the right to file more amended answers, counterclaims, cross claims, and other pleadings as is necessary.

**JURY DEMAND**

Defendants hereby demand trial by jury in this litigation.

WHEREFORE, PREMISES CONSIDERED, COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY AND MILES MCCREADY pray Plaintiff take nothing by reason of this suit, that they be discharged and go hence with their costs, without day, and for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

HANSZEN LAPORTE LLP

By: /s/ H. Mark Burck
    H. Mark Burck
    SBN:  03362700/FBN: 7423
    11767 Katy Freeway, Suite 850
    Houston, TX 77079
    Telephone:    (713) 522-9444
    Facsimile:     (713) 524-2580
    Email: mburck@hanszenlaporte.com

    Attorney for Defendants,
    Companion Property and Casualty
    Insurance Company and Miles
    McCready

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been forwarded to all interested parties on this 17th day of September, 2015 in accordance with the Federal Rules of Civil Procedure and as indicated below:

Wes Holland
William N. Allan, IV
Allan, Nava, Glander & Holland, PLLC
825 W. Bitters Road, Suite 102
San Antonio, TX 78216
***Via Facsimile No. 210/305-4219***

    /s/ H. Mark Burck
    H. MARK BURCK